Filed 6/29/23  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOHN FITZGERALD WILLIAMS, Defendant and Appellant. | F084882 (Kern Super. Ct. No. BF123070B) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Smith, J.

Defendant John Fitzgerald Williams was charged with dozens of crimes in connection with a casino robbery he carried out alongside fellow gang members, and a plan to rob the casino another time. Below, we accept the Attorney General's concession that defendant's gang-related convictions and enhancements must be reversed in light of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) and otherwise affirm.

## BACKGROUND

Defendant Williams, along with several codefendants, was convicted of four counts of second-degree robbery (counts 1–4; Pen. Code, § 212.5, subd. (c)),[1] six counts of assault with a semiautomatic firearm (counts 5–7, 9–11; § 245, subd. (b)), five counts of assault with an assault weapon (counts 12–14, 16–17; § 245, subd. (a)(3)), two counts of transporting an assault weapon (counts 19, 24; former § 12280, subd. (a)(1); see § 30600), two counts of participating in a criminal street gang (counts 21, 28; § 186.22, subd. (a)), one count of conspiracy to commit assault with a semiautomatic firearm (count 22; § 182, subd. (a)(1)), one count of conspiracy to commit robbery (count 23; § 182, subd. (a)(1)), and one count of carrying a loaded firearm in public by a member of a criminal street gang (count 26; former § 12031, subd. (a)(2)(C)).

The jury found that all these crimes were committed for the benefit of, or in association with, a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)) as alleged in the indictment, except the active gang participation counts (counts 21, 28) and the single count of possessing a loaded firearm by an active street gang member (count 26).

The jury also found that, as to the robbery counts, each defendant was a principal and at least one principal personally used a firearm as alleged in the indictment. (Former

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

§ 12022.53, subd. (e)(1).) The jury further found that a principal was armed during the commission of the two conspiracy counts. (Former § 12022, subd. (a).)

The jury found that defendant personally used a firearm during the commission of the six counts of assault with a semiautomatic firearm and the two counts of active participation in a criminal street gang. (Former § 12022.5, subd. (a).) (*People v. Bell* (2015) 241 Cal.App.4th 315, 323 (*Bell I*).)

In *Bell I*, this court reversed defendant's conviction for conspiracy to commit assault with a semiautomatic weapon (count 22), and conditionally reversed the remainder of defendants' convictions and enhancements pending further proceedings on defendant's plea of once in jeopardy. (*Bell I*, *supra*, 241 Cal.App.4th at pp. 361–362.) On remand, the trial court held the required proceedings and reinstated defendant's convictions (except count 22). (*People v. Bell* (2020) 47 Cal.App.5th 153, 177 (*Bell II*).) We mostly affirmed that ruling. (*Id.* at pp. 200–201.) However, we struck defendant's personal firearm use enhancement on count 28. (*Id.* at p. 200.) In a split decision, we also remanded for the court to consider its discretion under Senate Bill No. 620 (2017– 2018 Reg. Sess.) and Senate Bill No. 1393 (2017–2018 Reg. Sess.). (*Ibid*.)

The trial court resentenced defendant on August 3, 2022, to a total term of 39 years imprisonment, as follows: nine years on count 11, plus 10 years for the section 12022.5, subdivision (a) enhancement, plus a stayed (Cal. Rules of Court, rule 4.447 (Rule 4.447)) term of 10 years for the gang enhancement (§ 186.22, subd. (b)); a consecutive term of one year on count 1, plus three years four months for the section 12022.5, subdivision (b) and (e)(1) enhancement, plus a stayed (Rule 4.447) term of 10 years for the gang enhancement (§ 186.22, subd. (b)); consecutive terms of one year on counts 2 through 4, plus stayed (Rule 4.447) terms of 10 years on the gang enhancement (§ 186.22, subd. (b)) to each of those counts;[2] a consecutive two-year term

___

[2] The court exercised its discretion to strike the section 12022.53, subdivisions (b), (e)(1) enhancements from counts 2 through 4.

on count 5, plus three years four months for the section 12022.5, subdivision (a) enhancement, plus a stayed (Rule 4.447) term of 10 years for the gang enhancement (§ 186.22, subd. (b)); concurrent nine-year terms on counts 6 through 7 and 9 through 10, plus 10 years for the section 12022.5, subdivision (a) enhancements to each of those counts, plus stayed (Rule 4.447) terms of 10 years for the gang enhancements (§ 186.22, subd. (b)) to each of those counts; a term of two years eight months on count 12, plus one year eight months for the gang enhancement (*ibid.*; stayed (§ 654) terms of 12 years on counts 13 through 14 and 16 through 17, plus stayed (§ 654) terms of five years for the gang enhancement (§ 186.22, subd. (b)) on each of those counts; a stayed (§ 654) term of eight years on count 19, plus a stayed (*ibid.*) term of four years on the gang enhancement (§ 186.22, subd. (b)); a stayed (§ 654) term of three years on count 21, plus a stayed (*ibid.*) term of 10 years for the section 12022.5, subdivision (a) enhancement; a consecutive term of one year on count 23, plus one year eight months for the gang enhancement (§ 186.22, subd. (b)), plus four months for the section 12022, subdivision (a)(1) enhancement; a stayed (§ 654) term of eight years on count 24, plus a stayed (*ibid.*) term of four years for the gang enhancement (§ 186.22, subd. (b)); a concurrent, stayed (§ 654) term of three years on count 26; a stayed (*ibid.*) term of three years on count 28, plus a stayed (*ibid.*) term of 10 years for the section 12022.5, subdivision (a) enhancement.

Defendant appeals.

## FACTS

We incorporate by reference the facts set forth in *Bell I.* (See *Bell II*, *supra*, 47 Cal.App.5th at p. 160, fn. 4.) In brief summary, the evidence at trial showed defendant committed "dozens of crimes relating to a 2007 robbery of the Golden West Casino and its patrons, as well as a conspiracy to rob the casino again in 2008." (*Id*. at p. 159.)

**Gang Evidence**

The evidence also showed that defendant, along with several codefendants, were members of the Mona Park Compton Crips criminal street gang. (*Bell I*, *supra*, 241 Cal.App.4th at p. 327.)

### *Predicate Offenses*

Daniel Tobin testified as the prosecution's gang expert. He testified that he investigated a 2005 home burglary where several firearms were stolen. Multiple Mona Park Compton Crip gang members, including one Marvin Cooper, committed the burglary. Tobin opined that that crime was committed for the benefit of the Mona Park Crips.

Tobin also testified that he was involved in the investigation of Mona Park Compton Crip gang member Michael Norris for the robbery of a car dealership in late 2006 or early 2007. Tobin initially testified that he did *not* think the offense was committed for the benefit of the gang. However, he later testified that he had not been asked to analyze the issue and would need to evaluate more factors to determine whether a hypothetical crime matching Norris's car dealership robbery would have been "a crime in furtherance of the Mona Park Compton Crips criminal street gang."

## DISCUSSION

Defendant contends the court must reverse his gang-related convictions and enhancements because the proof at trial did not satisfy subsequently enacted requirements found in Assembly Bill 333. The Attorney General concedes the issue. We accept the concession.

Assembly Bill 333 (2021–2022 Reg. Sess.) became effective on January 1, 2022. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.) It made several changes to section 186.22. "[W]hereas section 186.22, former subdivision (f) required only that a gang's members 'individually or collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such

5.

pattern have been 'collectively engage[d] in' by members of the gang." (*People v. Tran*, at p. 1206, italics added in original.)

" … Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense. (§ 186.22, subd. (e)(1), (2).)' " (*People v. Tran*, *supra*, 13 Cal.5th at p. 1206.) Also, "Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' " (*Ibid*.)

Unsurprisingly, the predicate offense evidence offered at defendant's trial does not satisfy these later-enacted requirements of Assembly Bill 333. The prosecution's gang expert expressly declined to testify that the predicate offense involving Norris was committed to benefit the Mona Park Compton Crips. Accordingly, we accept the Attorney General's concession that the gang offenses and gang-related enhancements must be reversed. They all may be retried. (See *People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1033.) In any event, defendant shall be resentenced.[3]

## DISPOSITION

Defendant's convictions on counts 21, 26 and 28 are reversed; all true findings on gang firearm enhancements under section 12022.53 are stricken enhancements, as are the true findings on all enhancements imposed under section 186.22. The matter is remanded for a possible retrial of these counts and/or enhancements. In any event, defendant shall be resentenced. In all other respects, the judgment is affirmed.

---

[3] Because defendant will be resentenced for this reason, we do not address the other reasons he claims resentencing is required.